Case 4:15-cv-01329 Document 18 Filed in TXSD on 04/13/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON GENE ROGERS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1329 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Milton Gene Rogers filed a petition for a writ of habeas corpus. The petition challenges the results of a prison disciplinary hearing.

### I. Background

The underlying facts are not in dispute. Rogers is an inmate at the Texas Department of Criminal Justice's Estelle Unit, where he receives psychiatric treatment. Rogers contends that he was placed in an unsafe situation, and sought assistance from one of the psychiatric case workers at the unit. He did not receive what he deemed to be an adequate resolution.

Rogers states that he then received a disciplinary write up for refusing housing. Rogers then stated that if prison officials did not want to protect him, he could commit suicide by climbing on the fence so that officers would shoot him. He said that voices in his head were telling him to do that. Based on this statement, Rogers was charged with threatening to escape.

Rogers was found guilty of the charge following a hearing. He received 45 days commissary restriction, 45 days cell restriction, reduction in line class from L1 to L3, and loss of 100 days of good time credit. Rogers contends that the disciplinary hearing violated his rights under the Fourteenth Amendment because there was insufficient evidence to support the guilty finding, he was found guilty of something that is not a disciplinary offense, and because he was

not permitted to present testimony by a psychological case worker. He asks this Court to order restoration of his good time credit and line class

Respondent moved for summary judgment. Rogers did not respond to that motion.

## II. Analysis

### A. Standard of Review

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases.

### B. Conditions of Confinement

The federal habeas corpus statute allows this Court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See, e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

The reduction in Rogers' time-earning classification is not cognizable in habeas corpus. While reduced time earning could possibly delay Rogers' release from custody, it will not inevitably do so. "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820©21 (5th Cir. 1997).

The Fifth Circuit has observed that the Texas legislature explicitly declined to create a right to good conduct time. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Moreover, there is no guarantee that a prisoner will earn the maximum possible good time credit, or that he will not have earned credits later revoked. Therefore, the effect of good time credit on future release is too speculative and attenuated. "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . ." *Id.* Because Rogers has no protected liberty interest in any specific time-earning status, his reduction in time-earning status fails to identify a constitutional violation.

C.  Loss of Good Time Credit

Respondent does not dispute that Rogers has a state created liberty interest in his earned good time credit. This liberty interest is protected by the due process clause of the Fourteenth Amendment. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Rogers contends that he was deprived of his earned good time credit without due process because: there was insufficient evidence to support the finding that he was guilty of threatening to escape; he was improperly found guilty of expressing an intention to escape, which is not a disciplinary offense; and he was improperly denied the right to call psychological case managers as witnesses at the hearing.

While a prisoner has a right to due process, a prison disciplinary hearing is not part of a criminal proceeding, and "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In the context of a prison disciplinary hearing, due process requires: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present evidence when that is not unduly hazardous to institutional safety and

correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for any disciplinary action. *Id.* at 563-67.

Rogers does not dispute that he received written notice of the charges against him, and a written report setting out the evidence relied on to find him guilty. His complaints center on his inability to present certain witnesses, his contention that the evidence was insufficient to support the guilty finding, and his allegation that he was actually found guilty of a non-existent offense.

### 1. Sufficiency of the Evidence

Prison officials have "wide discretion in the operation of state penal institutions," and disciplinary results will not be disturbed unless they are "arbitrary and capricious." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)(internal quotation marks and citation omitted). The hearing result need only be supported by "some facts," or "any evidence at all," *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001), and this standard can be satisfied by anonymous or merely generalized accusations. *Smith*, 659 F.2d at 545.

Rogers argues that there was no evidence to support the finding that he threatened to escape because he threatened only to harm himself, *i.e.*, to climb the fence so as to be shot by a guard, and not to escape. The evidence shows that Rogers threatened to climb the fence, and Rogers does not dispute this evidence. Regardless of Rogers' characterization of his intent, his threat to climb the fence constitutes at least "some evidence" that could reasonably be understood as a threat to escape.

### 2. Non-Existent Offense

Rogers claims that he was, in fact, found guilty of expressing an intention to escape, which is not a disciplinary offense, and not of threatening to escape. There is no dispute, however, that he was charged with, and found guilty of, threatening to escape. As noted above,

Rogers threatened to climb the fence. That was sufficient to find that he threatened to escape. Moreover, Rogers does not explain how expressing an intention to escape differs from threatening to escape. This claim is without merit.

### 3. Ability to Call Witnesses

Finally, Rogers contends that he was prevented from calling psychological case managers as witnesses at the hearing. Rogers, however, fails to identify any specific person he wished to call, or the evidence such person would have provided. Prison officials have broad discretion to limit the presentation of evidence at disciplinary hearings. *See Baxter v. Palmigiano*, 425 U.S. 308, 322-23 (1976). In the absence of any showing that such witnesses were necessary to Rogers' defense, the Court cannot conclude that the hearing officer exceeded his authority in refusing to allow Rogers to call these witnesses.

### III. Certificate of Appealability

Rogers has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the

conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Rogers' claims and concludes that he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). This Court concludes that Rogers is not entitled to a certificate of appealability.

## IV.    Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.    Respondent William Stephens' Motion for Summary Judgment (Dkt. No. 12) is GRANTED;

B.    Petitioner Milton Gene Rogers' petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 13th day of April, 2016.

_____
Kenneth M. Hoyt
United States District Judge